UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

OZARK ENTERTAINMENT, INC., )
et al., )
 )
    Plaintiffs, )
 )
               v. ) NO. 3:09-0195
 ) Judge Campbell/Bryant
JOSEPH R. WILSON, et al., ) **Jury Demand**
 )
    Defendants. )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

Defendant Joseph R. Wilson has filed his motion to change venue (Docket Entry No. 12), to which plaintiffs have responded in opposition (Docket Entry No. 15). Defendant Wilson has filed a reply (Docket Entry No. 26).

The Court initially denied defendant Wilson's motion without prejudice for failure to comply with local rules requiring the filing of a memorandum of law in support of such motion (Docket Entry No. 18). After defendant Wilson filed a reply in support of his motion, the Court granted his motion to reconsider, deemed his reply to be a memorandum of law in support, and referred his motion to change venue to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 32).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendant Wilson's motion to change venue be **denied.**

## Statement of the Case

Plaintiffs in this diversity action allege that defendant Wilson and his company, W&W Enterprises, breached, or induced the breach of, the terms of a Performance Agreement dated April 1, 2007, under the terms of which defendant Wilson, as producer, agreed that entertainer Mike Walker would perform at plaintiffs' theater in Branson, Missouri, for a period of five years (Docket Entry No. 1). According to the complaint, defendant Wilson breached this agreement by contracting for Walker's services at a theater in Pigeon Forge, Tennessee, beginning in 2008.

Defendant Wilson, proceeding pro se, has filed an answer denying liability and a counterclaim (Docket Entry No. 21).

## Defendant Wilson's Venue Motion

Defendant has moved pursuant to 28 U.S.C. § 1404 to transfer this case to the United States District Court for the Western District of Missouri. As grounds for this motion, defendant asserts:

(1) that none of the parties are residents of Tennessee, that defendant Wilson resides in Virginia, that plaintiff Gilley resides in Texas, and that plaintiff Ozark is a Missouri corporation;

(2) that none of the acts alleged in the complaint occurred in Tennessee, and "all actions between Plaintiff and Defendant took place in the State of Missouri;" and

2

(3) that "all of the witnesses reside in the State of Missouri." (Docket Entry No. 12).

Plaintiffs, in opposition, argue (1) that defendant Wilson was a resident of Tennessee when they filed their complaint; (2) that certain witnesses with knowledge of defendant's contract with the Pigeon Forge theater now reside in this district; and (3) that Wilson has failed to carry the "considerable" burden imposed by law to justify disturbing the plaintiffs' choice of forum (Docket Entry No. 15).

## **Analysis**

Title 28, Section 1404(a), of the United States Code provides as follows:

> (a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It appears undisputed that this action could have been brought in the U.S. District Court for the Western District of Missouri. 28 U.S.C. § 1391. Defendant's motion asserts that it should now be transferred there pursuant to section 1404(a).

Courts are required to exercise their discretion in determining whether to grant a change of venue, Hoffa v. Gray, 323 F.2d 178, 179 (6th Cir. 1963), and they must respect private and public interests. Moses v. Bus. Card Express, Inc., 929 F.2d 1131,

1137 (6th Cir. 1991). In this Circuit, consideration of those interests requires balancing of the following elements:

> (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) relative advantages and obstacles to a fair trial; (4) the possibility of the existence of questions arising in the area of conflict of laws; (5) the advantage of having a local court determine questions of law; (6) and all other considerations of practical nature that make a trial easy, expeditious, and economical.

Big G Express, Inc. v. Leviton Mfg. Co., 2008 WL 2400947 at *2 (M.D. Tenn. June 10, 2008) quoting Southern Elec. Health Fund v. Bedrock Services, 2003 WL 24272405 at *5 (M.D. Tenn. July 23, 2003).

The burden of proving a need for transfer is on the moving party. See Blane v. American Inventors Corp., 934 F.Supp. 903, 907 (M.D. Tenn. 1996). "The burden of showing a need for transfer is considerable: 'Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

With respect to the factors in Big G Express and Southern Electrical Health Fund, defendant Wilson in essence makes two arguments: (1) the majority of the material witnesses reside in the Western District of Missouri and could be subpoenaed to trial there; and (2) there is a law firm in Springfield, Missouri, that

4

has "stated an interest in this case," whereas defendant asserts that he has been unable to afford counsel in the Middle District of Tennessee (Docket Entry No. 26, pp. 3-5).

In support of his first argument, defendant Wilson lists the names of 39 persons, most of whom are reported to live in Missouri and who, according to defendant's reply memorandum, "may have information regarding Defendant (sic) position that no breach has occurred with the Defendant and regarding the torches (sic) interference of Mike Walker contract with Counter Plaintiffs." They also "may have information how Mickey Gilley Theatre operate (sic) concerning entertainment contracts." (Docket Entry No. 26, pp. 4-5).

From the record it appears that the parties do not dispute that they entered into the Performance Agreement (Docket Entry No. 1-1) that forms the basis of plaintiffs' claims. Defendant Wilson, however, asserts that plaintiffs released him and Mr. Walker from the terms of the Performance Agreement during a meeting with plaintiff Gilley in Branson, Missouri, on April 29, 2008 (Docket Entry No. 21, paras. 4 and 5). According to defendant, three other persons were present at this meeting in addition to plaintiff Gilley, defendant Wilson and Mr. Walker. (Id.) Defendant Wilson concedes that he did sign the subject contract with Smokey Mountain Entertainment Complex in Pigeon Forge, presumably in reliance upon what defendant Wilson alleges to

5

be plaintiffs' agreement to release defendant and Mr. Walker from the obligations of the Performance Agreement.

Given the nature of this dispute and the numerous material facts that seem to be uncontested, the Court is not persuaded that the host of witnesses named in defendant's reply, or even a significant number of them, would actually be called as witnesses in this case. Moreover, defendant's assertion that these witnesses "may have information" amounts to no more than speculation and conjecture. Similarly, defendant's statement that an unnamed Missouri law firm "has stated an interest in this case" falls far short of supporting a claim that defendant could obtain counsel if this case were transferred to the Western District of Missouri.

In summary, and for the reasons stated herein, the undersigned Magistrate Judge finds that defendant has failed to carry his "considerable" burden of showing a need for transfer, that the plaintiffs' choice of forum should not be disturbed, and that defendant's motion to transfer venue should be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant's motion to transfer venue be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and

Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 20th day of November 2009.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge