IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OZARK ENTERTAINMENT, INC., et al. | ) ) ) NO. 3:09-0195 |
| v. | ) JUDGE CAMPBELL ) |
| JOSEPH R. WILSON, et al. | ) |

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 64) and Objections filed by the Defendants (Docket No. 75).

The Court has reviewed the Report and Recommendation, the Objections, and the file. For the reasons stated herein, the Report and Recommendation is rejected, and Defendants' Motion to Change Venue (Docket No. 12) is GRANTED. The Clerk is directed to transfer this action to the United States District Court for the Western District of Missouri.

FACTS

Plaintiff Ozark Entertainment, Inc. ("Ozark") is a Missouri corporation which, among other things, operates the Mickey Gilley Theatre in Branson, Missouri. Plaintiff Mickey Gilley, the owner of Ozark, is a citizen of Texas. Defendants Wilson and W & W Enterprises, Inc. were, in 2007-08, agents for a certain artist/entertainer named Mike Walker. Plaintiffs sued Defendants in this Court for breach of a Performance Agreement between Ozark and Defendants. That Agreement provided, among other things, that Walker would perform at the Mickey Gilley Theatre for five years.

Plaintiffs contend that Defendants breached the Agreement by signing a contract for Walker to perform in a theater located in Pigeon Forge, Tennessee, in violation of the parties' Agreement. Defendants deny that any breach occurred and allege that Defendants had been released from all

terms of the Agreement prior to signing a contract with the Smokey Mountain Entertainment Complex in Pigeon Forge.

Plaintiffs allege that Defendant Wilson resides in Davidson County, Tennessee. Defendant Wilson contends that he resides in the State of Virginia. Plaintiffs served Defendant Wilson with the Complaint in this action via his estranged wife in Brentwood, Tennessee, and personally while Wilson was in state court in Nashville, Tennessee.

## VENUE

Defendant Wilson argues that this case should be transferred to the Western District of Missouri pursuant to 28 U.S.C. § 1404(a). That Section provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The burden is on the moving party to demonstrate that transfer is appropriate, and the plaintiff's choice of venue should not be lightly disturbed. *Jumara v. State Farm Insur. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995). A district court has broad discretion to grant or deny a motion to transfer a case. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

Even in cases where venue is proper, a court may entertain a motion to transfer if there exists a better forum for the resolution of the dispute between the parties. *Kay v. National City Mortgage Co.*, 494 F.Supp. 2d 845, 849 (S.D. Ohio 2007). Courts typically divide the relevant factors under § 1404(a) into two categories: private interests of the parties[1] and the public interest

---

[1] The relevant private interests typically include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Kay*, 494 F.Supp. 2d at 850.

in the fair and efficient administration of justice.[2] *In re Consolidated Parlodel Litigation*, 22 F.Supp. 2d 320, 323 (D. N.J. 1998).

Plaintiffs do not dispute that the Western District of Missouri is a jurisdiction in which this action "might have been brought." No one has contested personal jurisdiction, so the Court assumes that both it and the Missouri court have personal and subject matter jurisdiction of this action.

A plaintiff's choice of forum is generally entitled to substantial weight. *Kay*, 494 F.Supp.2d at 850. This choice is given less consideration, however, if the plaintiff chooses a forum that is not his residence. *Id.* When a given action has a limited connection with the forum, the plaintiff's choice is to be afforded less weight than would otherwise be the case. *Allenberg Cotton Co. v. Staple Cotton Cooperative Ass'n.*, 2007 WL 2156352 at * 2 (W.D. Tenn. July 25, 2007).[3]

Plaintiffs' choice of forum is, obviously, the Middle District of Tennessee. Plaintiffs contend that Defendant Wilson resides in this District, and Defendant Wilson denies that fact. Plaintiffs also allege, upon information and belief, that certain witnesses related to the alleged breach in Pigeon Forge, Tennessee, now reside in this District. Those witnesses, however, would not testify about conduct which occurred in this district.

On the other hand, Plaintiff Ozark resides in Missouri, and all business between the parties, pursuant to the Agreement, was conducted or to be performed in Missouri. The Agreement provides

---

[2] Relevant public interest factors include docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the local interests in deciding local controversies at home, and the familiarity of the local court with controlling state law. *Kay*, 494 F.Supp.2d at 850.

[3] The plaintiff's interest diminishes where the plaintiff chooses a foreign forum rather than his or her home forum. *Parlodel*, 22 F.Supp.2d at 323. The plaintiff's interest decreases even further where the central facts of a lawsuit occur outside the chosen forum. *Id*. at 324.

3

that it is to be governed by Missouri law. Defendant Wilson alleges that numerous witnesses related to Defendants' release from the Agreement, which allegedly took place in Missouri on or about April 29, 2008, all reside in Missouri and are beyond the *subpoena* power of this Court.

As Plaintiffs themselves acknowledge, some of the relevant action in the present case took place in Branson, Missouri, and some took place in Pigeon Forge, Tennessee. Docket No. 15, p. 10. The contract at issue was entered into and involved performance in Branson, Missouri, which is in the Western District of Missouri. The alleged breach of the Agreement occurred in Pigeon Forge, Tennessee, which is in the Eastern District of Tennessee. Neither of those locations is in the Middle District of Tennessee. No witness, from this District or otherwise, has been identified to testify about any event which occurred in the Middle District of Tennessee. The cause of action did not arise in this District.[4]

The Court finds that although Plaintiffs' choice of this forum carries significant weight, the fact that there is no (or, at most, a very limited) connection to this forum requires that Plaintiffs' choice be given diminished weight.

Plaintiffs cannot argue that transferring this action to Missouri is prejudicially inconvenient for them, since Plaintiff Ozark is in that district and Plaintiff Gilley is no more inconvenienced there than in Tennessee. If anything, Defendant Wilson is the most inconvenienced if he is, by his own account, a resident of the State of Virginia. In addition, the witnesses concerning creation of and

---

[4] Whether Defendants' admitted action in signing a contract for Walker to perform in Pigeon Forge was a breach of the Agreement is a matter to be determined under Missouri law and will involve, to a substantial extent, testimony about whether Defendants were released from the terms of the Agreement, at a meeting in Missouri, with Missouri witnesses.

4

performance under this Agreement and witnesses concerning the alleged release are primarily in Missouri.

The convenience of witnesses is considered to be of the utmost importance in ruling on a motion to transfer venue. *Kay*, 494 F.Supp.2d at 852. If the action is tried in this District, the proof would likely involve substantial deposition evidence, which is clearly not the preferred method of presenting testimony. Trial by videotape is simply not preferable to live examination in front of a jury. *Id*. at 853.

Finally, the Court notes that the Missouri court has more familiarity with Missouri law and Missouri has more interest in protecting the interests of its residents, particularly where the cause of action and alleged injuries arose in that District.

## CONCLUSION

For all these reasons, the Report and Recommendation of the Magistrate Judge is overruled, and Defendant Wilson's Motion to Change Venue (Docket No. 12) is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

5

Case 6:09-cv-03463-RED   Document 78   Filed 12/10/09   Page 5 of 5